UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : Cr No. 07-131 ML

THOMAS THOMSEN :

MOTION TO DISMISS INDICTMENT

NOW comes the defendant, Thomas Thomsen, and moves, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, to dismiss Counts One, Two and Three of the indictment on the grounds that, as to the allegations applicable to those three counts, the indictment fails to state an offense punishable by the statutes of the United States. In further support of this motion to dismiss, the defendant hereby incorporates by reference the attached memorandum of law in support of motion to dismiss.

THOMAS THOMSEN,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within motion to dismiss to be served upon Adi Goldstein, AUSA by way of ECF case filing on the 21st day of November, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : Cr No. 07-131 ML

THOMAS THOMSEN :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS INDICTMENT

The defendant, Thomas Thomsen, has moved, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, to dismiss Counts One, Two and Three of the indictment on the grounds that the indictment fails to state an offense punishable by the statutes of the United States.

1. Allegations Of Counts One, Two And Three

In Counts One, Two and Three of the indictment, the government has charged Thomas Thomsen with three separate violations of 21 U.S.C. § 863(a)(1) by alleging that he did "knowingly sell and offer to sell" drug paraphernalia as that term is defined in 21 U.S.C. § 863(d).

Drug paraphernalia, as that term applies to the instant case is defined in 21 U.S.C. § 863(d) as:

> "any equipment, product or material of any kind which is primarily intended or designed for use in manufacturing . . . preparing, injecting, ingesting, . . . or otherwise introducing

into the human body a controlled substance, **possession of which is unlawful** under this chapter."

21 U.S.C. § 863(d) (Emphasis added.)

Counts One and Two allege that the defendant sold various items of "drug paraphernalia" that "were primarily designed and intended to be used in the converting, preparing, injecting and ingesting of anabolic steroids, Schedule III controlled substances, into the human body."

Count Three alleges that the defendant sold certain other its of "drug paraphernalia" claimed by the government to be "primarily designed and intended to be used in the converting, preparing, injecting, and ingesting of controlled substances into the human body." All three counts allege that Mr. Thomsen acted knowingly.

The use of the term "knowingly" in the indictment is significant in that the manner which the indictment is drafted is such that the term "knowingly" clearly modifies the phrase "drug paraphernalia", which is referred to in the indictment by the statutory citation, 21 U.S.C. § 863(d). Section 863(d) includes the requirement that the paraphernalia be used in the ingestion of a controlled substance that is "illegal to possess under this chapter." While in the First Circuit, the Court of Appeals has endorsed a definition of "knowingly" that defines the term as "voluntarily and intentionally, United States v. Tracy,

36 F.3d 187, 194-95 (1st Cir. 1995), *cert denied*, 115 S. Ct. 1717 (1995), there are recognized exceptions to the use of that instruction. See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.14, commentary, (2002*), available at* http://www.med.uscourts.gov/practices/crpji.97nov.pdf..

The indictment is defective because the government does not allege that the defendant knew that the anabolic steroids in question, as alleged in Counts One and Two, were possessed illegally. The indictment does not even allege that the anabolic steroids in question were in fact possessed illegally.

21 U.S.C. § 802(41) defines anabolic steroids and, includes, under sub-paragraph (B) the possibility that anabolic steroids may be prescribed and dispensed legally.

Subparagraph (B)(I) of 21 U.S.C. § 802(41) excludes from the definition of anabolic steroids "an anabolic steroid which is expressly intended for administration through implants to cattle or other nonhuman species and which has been approved by the Secretary of Health and Human Services for such administration." [1]

---

[1] This particular provision is particularly important in light of certain allegations made in the Affidavit In Support Of Arrest Warrant filed in this case. At paragraph 6 of the complaint, the refers to a Confidential Source's conversation with an unknown person through defendant's business email account in which the source said he/she wanted to convert "fina pellets". "Fina pellets" are identified as "veterinary cattle implants", a substance that would not be illegal to

Subparagraph (B)(ii) provides that:

"(ii) If any person prescribes, dispenses, or distributes such steroid for human use, such person shall be considered to have prescribed, dispensed, or distributed an anabolic steroid within the meaning of subparagraph (A)."

Obviously, the import of this provision is that anabolic steroids may be legally prescribed, dispensed and distributed. Logically, the sale of paraphernalia that would be used to ingest legally-prescribed anabolic steroids would not be a violation of 21 U.S.C. § 863(a)(1).

For these reasons, Counts One and Two do not state an offense that is punishable under 21 U.S.C. § 863(a)(1). Count Three is even more transparently defective as the only allegation is that the "drug paraphernalia" was used for "controlled substances".

21 U.S.C. § 844 punishes the simple possession of a controlled substance "unless such substance was obtained directly, or pursuant to a valid prescription or order , from a practitioner, while acting in the course of his professional practice . . . ."

Clearly, the allegations made in the indictment fall short of making out allegations of criminal activities punishable under federal law. If the defendant provided "paraphernalia" that were to be used for legitimately prescribed

---

possess under 21 U.S.C. § 802(41)(B)(I). (Copy attached hereto as Exhibit A).

substances, the possession of which would not violate the law, no crime was committed.

If the defendant supplied "paraphernalia" used for substances that were for animal usage, those actions would not be criminal under the definition of "anabolic steroids" set out in 21 U.S.C. § 802(41)(B)(I).

II. Applicable Law

Rule 12(b)(3)(B) provides that a motion alleging a defect in an indictment must be filed prior to trial. A motion alleging that an indictment fails to charge an offense, may, however, be filed and heard at any point during the pendency of the case.

There are two constitutional requirements for an indictment. See Hamling v. United States, 418 U.S. 87, 117 (1974). In Hamling, the Supreme Court held that an indictment had must "first,[that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." 418 U.S., at 117. See also United States v. Resendiz-Ponce, __U.S. __, 127 S.Ct. 782, 788; 166 L.Ed.2d 591 (2007); United States v. Rosa-Ortiz, 348 F.3d 33 (1st Cir. 2003) (vacating guilty plea to charge where offense conduct did not come within scope of statute.)

The counts that are the subject of this motion to dismiss each charge a

violation of 21 U.S.C. § 863(a)(1), claiming that the defendant "did knowingly sell and offer for sale" various items alleged to be drug paraphernalia, as that term is defined in 21 U.S.C. § 863(d). As stated above, the definition of "drug paraphernalia" necessarily includes an element that the items be utilized in the use of an illegally-possessed substance.

In this case, the indictment does not allege an the essential element required by the statute, that drug paraphernalia be "designed and intended" to be used in the "converting, preparing, injecting, and ingesting" of a controlled substance that it is unlawful to possess under Title 21, Chapter 13 of the United States Code.

The indictment, therefore, is defective in that it does not charge a violation of all of the elements set forth in one of the two the statutes relied upon by the government, 21 U.S.C. § 863(d).

## III. Conclusion

For the reasons set forth above, the defendant respectfully requests that this Honorable Court order the dismissal of Counts One, Two and Three of the indictment, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Prodedure.

THOMAS THOMSEN,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within memorandum of law in support of motion to dismiss to be served upon Adi Goldstein, AUSA by way of ECF case filing on the 21st day of November, 2007.

/s/ Edward C. Roy, Esquire