**JOSHUA S. VAN DE WETERING**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

FILED
MISSOULA, MT
2005 NOV 2 PM 4 35
PATRICK E. DUFFY
BY C. A.
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**DAVID A. SIL,**<br>**d/b/a The Vault,**<br><br>**Defendant.** | **CR 05-55-M-** DWM<br><br>**INDICTMENT**<br><br>**OFFERING FOR SALE DRUG PARAPHERNALIA**<br>**Title 21 U.S.C. § 863(a)**<br>**(Penalty: Up to three years imprisonment $250,000 fine; and three years supervised release)** |

THE GRAND JURY CHARGES:

**COUNT I**

That beginning on an unknown date and continuing through May 18, 2005, in Missoula, in the State and District of Montana, the defendant, DAVID E. SIL, d/b/a The Vault, did knowingly offer for sale drug paraphernalia, as that term is defined in

21 U.S.C. § 863(d), in violation of 21 U.S.C. §§ 863(a)(2) and 863(b).

## FORFEITURE

Upon conviction of the offenses charged in this indictment, defendant DAVID E. SIL, d/b/a The Vault, shall forfeit to the United States pursuant to 21 U.S.C. §§ 853 and 863(c) and 18 U.S.C. § 924(d), any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the said violations, including but not limited to the following:

### I. MONEY JUDGEMENT

United States currency, cash equivalents, and bank account balances, constituting the gross proceeds of the violation in Count I.

### II. DRUG PARAPHERNALIA

All drug paraphernalia possessed by the defendant, as defined in 21 U.S.C. § 863.

### III. CURRENCY

$4,182.00 seized from the defendant in a search of the premises.

### IV. SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

A TRUE BILL.

FOREPERSON

WILLIAM W. MERCER
United States Attorney

BERNARD F. HUBLEY
Senior Litigation Counsel

WARRANT ______

BAIL ______

CRM/SUM ✓ Returnable 11/22/05 @ 1:30 p.m. before LBE in Missoula

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Cr. No.** |
| | ) | |
| **Danilo DeLeon,** | ) | |
| **Jose Rojas, a/k/a "Chocha",** | ) | |
| **Felipe Espada, a/k/a "Juan",** | ) | |
| **Melvin Rosario, a/k/a "Flaco"** | ) | |

## SUPERCEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE

**[Conspiracy to Sell Drug Paraphernalia – 21 U.S.C. §§ 863(a)(1) and 846]**

From an unknown date, but at least beginning on or about March, 2006, through and including June 20, 2006, in the District of New Hampshire, the District of Massachusetts and elsewhere, the defendants,

**Danilo DeLeon,**
**Jose Rojas, a/k/a "Chocha",**

did knowingly and willfully combine, conspire and agree with each other and with other persons known and unknown to the Grand Jury to sell and offer for sale drug paraphernalia, to wit: a hidden motor vehicle storage compartment, which was primarily intended and designed for use in concealing controlled substances, and which the defendants knew was likely to be used for such purpose.

In violation of Title 21, United States Code, Sections 846, 863(a)(1).

The Grand Jury further charges:

**COUNT TWO**

**[Conspiracy to Sell Drug Paraphernalia – 21 U.S.C. §§ 863(a)(1) and 846]**

From an unknown date, but at least beginning on or about June, 2006, through and including October 12, 2006, in the District of New Hampshire, the District of Massachusetts and elsewhere, the defendants,

**Danilo DeLeon,**
**Felipe Espada, a/k/a "Juan",**
**Melvin Rosario, a/k/a "Flaco",**

did knowingly and willfully combine, conspire and agree with each other and with other persons known and unknown to the Grand Jury knowingly sell and offer for sale drug paraphernalia, to wit: a hidden motor vehicle storage compartment, which was primarily intended and designed for use in concealing controlled substances, and which the defendants knew was likely to be used for such purpose.

In violation of Title 21, United States Code, Sections 846, 863(a)(1).

The Grand Jury further charges:

**COUNT THREE**

**[Conspiracy to Sell Drug Paraphernalia – 21 U.S.C. §§ 863(a)(1) and 846]**

From an unknown date, but at least beginning on or about September, 2006, through and including October 12, 2006, in the District of New Hampshire, the District of Massachusetts and elsewhere, the defendants,

**Felipe Espada, a/k/a "Juan",**
**Melvin Rosario, a/k/a "Flaco",**

did knowingly sell and offer for sale drug paraphernalia, to wit: a 1988 Jaguar XJ6 automobile containing a hidden storage compartment, which was primarily intended and designed for use in concealing controlled substances, and which the defendants knew was likely to be used for such purpose.

In violation of Title 21, United States Code, Sections 846, 863(a)(1).

The Grand Jury further charges:

**COUNT FOUR**

**[Aid/Abet Sale Drug Paraphernalia – 21 U.S.C. §§ 863(a)(1) and 18 U.S.C. § 2]**

From an unknown date, but at least beginning on or about March, 2006, through and including October 12, 2006, in the District of New Hampshire, the District of Massachusetts and elsewhere, the defendant,

**Danilo DeLeon,**

did knowingly aid and abet the sale of, and the offer to sell drug paraphernalia, to wit: hidden motor vehicle storage compartments, which were primarily intended and designed for use in concealing controlled substances, and which the defendant knew were likely to be used for such purpose.

In violation of Title 21, United States Code, Section 863(a)(1) and Title 18, United States Code, Section 2.

The Grand Jury further charges:

**COUNT FIVE**

[21 U.S.C. § 841(a)(1), 846 and 18 U.S.C. § 2 - Aid/Abet Attempted Distribution of Controlled Substances ]

From an unknown date, but at least beginning on or about March, 2006, through and including October 12, 2006, in the District of New Hampshire, the District of Massachusetts and elsewhere, the defendants,

**Danilo DeLeon,**
**Jose Rojas, a/k/a "Chocha",**
**Felipe Espada, a/k/a "Juan",**
**Melvin Rosario, a/k/a "Flaco",**

did knowingly, intentionally and unlawfully aid and abet the attempted distribution of controlled substances by the construction of hidden compartments in motor vehicles for the purpose of transporting such controlled substances.

In violation of Title 21, United States Code, Section 841(a)(1) , 846, and Title 18, United States Code, Section 2.

The Grand Jury further charges:

**COUNT SIX**

**[Conspiracy to Distribute Cocaine – 21 U.S.C. §§ 841(a)(1) and 846]**

From an unknown date, but at least beginning on or about September, 2006, through and including October 12, 2006, in the District of New Hampshire, the District of Massachusetts and elsewhere, the defendants,

**Felipe Espada, a/k/a "Juan",**
**Melvin Rosario, a/k/a "Flaco",**

did knowingly and willfully combine, conspire and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 846, 841(a)(1).

Date: ______________

A TRUE BILL

/s/Foreperson
Foreperson

THOMAS P. COLANTUONO
United States Attorney

/s/Robert J. Veiga
Robert J. Veiga
Assistant U.S. Attorney